CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 14 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSHUA J. PETITPAS,<br>　　Plaintiff, | ) ) ) | Civil Action No. 7:16-cv-00464 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| WEST VIRGINIA REGIONAL<br>JAIL SECURITY/STAFF,<br>　　Defendant. | ) ) ) ) | By:　Hon. Michael F. Urbanski<br>　　　United States District Judge |

Joshua J. Petitpas, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 naming the West Virginia Regional Jail ("Jail") Security/Staff as the sole defendant. Plaintiff complains that a fellow inmate attacked him in protective custody at the Jail, staff knew the inmate had been "red flagged" previously, and staff were too slow responding to the attack.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). A group of persons, like the Jail's Security Staff, is not a "person" subject to 42 U.S.C. § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that a group of personnel, like "medical staff," is not a "person" for purposes of § 1983).

Accordingly, Plaintiff cannot proceed against the current defendant "staff" via § 1983, and the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). To the extent Plaintiff may be able to name a "person" subject to suit via § 1983, Plaintiff is granted twenty days to file an amended complaint that states a claim upon which relief may be granted.

If Plaintiff chooses not to file anything, the Clerk shall strike the case from the active docket, and Plaintiff may refile his claims in a new and separate action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989).

**ENTER**: This 14th day of October, 2016.

/s/ Michael F. Urbanski
United States District Judge