```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                         AT ROANOKE, VA
                                                              FILED
                                                         DEC 0 7 2016
                                                      JULIA C. DUDLEY, CLERK
                                                      BY: /s/
                                                           DEPUTY CLERK
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOSHUA J. PETITPAS,<br>    Plaintiff, | Civil Action No. 7:16-cv-00464 |
| v. | **MEMORANDUM OPINION** |
| MAJOR TRENT, et al.,<br>    Defendants. | By:  Hon. Michael F. Urbanski<br>       United States District Judge |

Joshua J. Petitpas, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming "West Virginia Regional Jail Security/Staff" as the sole defendant. In accordance with Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978), the court dismissed the complaint with leave to name a proper defendant because "West Virginia Regional Jail Security/Staff" is not a "person" subject to § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Ferguson v. Morgan, No.1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that a group of personnel, like "medical staff," is not a "person" for purposes of § 1983). Plaintiff has responded, seeking to substitute individual staff of the Western Virginia Regional Jail ("Jail") as defendants. Finding it proper to do so, the court allows the substitution but dismisses the amended complaint without prejudice for failing to state a claim upon which relief may be granted.

## I.

On June 2, 2016, another inmate at the Jail attacked and "maliciously wounded" Plaintiff. Plaintiff alleges that the correctional officers "on duty failed to respond to the incident, which lasted almost a full minute . . . . [Another inmate] inform[ed] me that [the] incident would have gone unnoticed if another inmate hadn't hit the button to report blood. This happened while in a

protective custody pod awaiting trial." Plaintiff notes that an inmate had a "physical confrontation" with the attacker no more than thirty-six hours before the attack on Plaintiff.

Plaintiff names the correctional officers via the amendment: Major Trent, Major Stakes, Captain Hayes, Captain Keller, Officer S. Finks, and Officer K. Johnston. However, Plaintiff does not identify their personal acts or omissions related to the attack. Instead, Plaintiff lists various "codes/rights" from the American Correctional Association and the Virginia Bill of Rights that were allegedly violated.

## II.

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a § 1983 claim for a failure to protect an inmate from violence, the inmate must show: (1) serious or significant physical or emotional injury, and (2) that a prison official had a "sufficiently culpable state of mind." Id. at 834 (internal quotation marks omitted). A "sufficiently culpable state of mind" means that a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. This standard can be met by showing that a prison official knew that a particular inmate posed a heightened risk of assault to the plaintiff. Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000). Prison officials are not liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Farmer, 511 U.S. at 844. Prison officials "who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id.

2

Plaintiff fails to describe any defendant's culpable state of mind for failing to protect him from the threat of an attack or that he suffered any serious or significant physical injury from the attack. To the extent Plaintiff alleges the defendants acted negligently in responding to the attack, such a claim is not actionable via § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 328 (1986). Accordingly, Plaintiff fails to state a claim upon which relief may be granted via § 1983.

### III.

For the foregoing reasons, the court dismisses the federal claims for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), and any state law claim is dismissed pursuant to 28 U.S.C. § 1367(c)(3).

ENTER: This 6th day of December, 2016.

/s/ Michael F. Urbanski
United States District Judge

3